**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Jie Sheng LIN, on behalf of himself and others
similarly situated,

                              **Plaintiff,**          **12-CV-05927 (RJS)(SN)**

           -against-                                  **REPORT AND**
                                                      **RECOMMENDATION**
**SUNNY ON 3RD, INC, et al.,**

                              **Defendants.**

-------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE RICHARD J. SULLIVAN:**

On December 12, 2012, the parties appeared before me for a settlement conference and reached an agreement to resolve the case.  Upon review of the parties' pleadings and ex parte submissions and based on the confidential discussions with each side, I found on the record that the settlement agreement was fair and reasonable.

The plaintiff brought his case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York State Labor Law ("NYLL").  His complaint asserts generally that, during his employment at Sunny on 3rd, Inc., his employers failed to pay him minimum wage and overtime pay, required by FLSA and NYLL, as well as the "spread of hours" premium mandated under NYLL.

At the settlement conference, both parties were represented by counsel, and the negotiations were at arms' length.  The settlement agreement is in the best interests of all parties because of the litigation risks and the anticipated burdens and expenses in establishing the parties' respective claims and defenses. The parties orally consented on the record to the final settlement amount and payment plan.

For these reasons, I recommend that the settlement agreement be approved as a fair and reasonable resolution of this case.  See Johnson v. Brennan, 10 Civ. 4712 CM, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) (McMahon, J.) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350 (11th Cir. 1982) (holding that a court may enter a judgment that does not reflect full payment of FLSA back wage or liquidated damage claims if it determines that the amount is a fair and reasonable resolution of a bona fide FLSA dispute).  I further recommend that the case be dismissed with prejudice on February 1, 2013, to provide sufficient time for the defendants to fulfill their payment obligations under the agreement.


**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge


DATED:  New York, New York
             December 14, 2012

2