UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JIE SHENG LIN, *on behalf of himself and others similarly situated*,

                            Plaintiff,

-v-

SUNNY ON 3rd, INC., *et al.*,

                            Defendants.

No. 12 Civ. 5927 (RJS) (SN)

ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Jie Sheng Lin, on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York State Labor Law ("NYLL"). Now before the Court is the Report and Recommendation ("Report") of the Honorable Sarah Netburn, Magistrate Judge, recommending that the settlement agreement reached by the parties be approved as a fair and reasonable resolution of this case and that the case be dismissed with prejudice on February 1, 2013, to provide sufficient time for Defendants to fulfill their payment obligations under the agreement. For the following reasons, the Court adopts the Report in part and modifies it in part.

    Plaintiff initiated this action on August 2, 2012, alleging that his employer, Sunny on 3rd, Inc., failed to pay him minimum wage and overtime pay, required by FLSA and NYLL, as well as the "spread of hours" premium mandated under NYLL. The matter was referred to Magistrate Judge Cott for settlement negotiations on October 11, 2012; on October 12, settlement negotiations were re-assigned to Judge Netburn. Judge Netburn convened a settlement conference with the parties on December 12, 2012, and she issued her Report on December 14.

As a matter of procedure, a court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake de novo review of such objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

As a matter of substance, a court that presides over settlement in an FLSA case must determine that the settlement is fair and reasonable. A court may accept a proposed settlement if it reflects "a reasonable compromise over contested issues." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) (citing *Lynn's Food*, 679 F.2d at 1353 n.8 (11th Cir. 1982)).

Having heard no objection from the parties and having reviewed Judge Netburn's findings that the parties were represented by counsel and negotiated at arms' length to reach an agreement that served the best interests of each party, the Court finds no clear error and adopts the Report with the exception that the case is dismissed forthwith. To ensure that Defendants

fulfill their payment obligations, the Court shall retain jurisdiction over the case for purposes of overseeing the settlement. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:	January 4, 2013
	New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE